IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

GARY ARNETT, SHELLY ARNETT, )
and JOHN PAUL ARNETT, by next )
friend, GARY ARNETT, )
)
    Plaintiffs, )
)
VS. ) No. 98-1263
)
GARY MYERS, as executive director )
of the Tennessee Wildlife Resources )
Agency, et al., )
)
    Defendants. )

## ORDER GRANTING
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs filed this action pursuant to 42 U.S.C. § 1983 against Gary Myers, the executive director of the Tennessee Wildlife Resources Agency ("TWRA"), the members of the Tennessee Wildlife Resources Commission ("TWRC"), Harold Hurst, Gary Cook, Paul Brown, Ronnie Capps, employees of TWRA, and Robert Baker, an employee of the Tennessee Department of Environment and Conservation ("TDEC").[1] The court previously granted Defendants' motion for summary judgment on Plaintiffs' claims that their due process and equal protection rights were violated and that they were deprived of their

---

[1] Plaintiffs have sued Gary Myers and the members of the Tennessee Wildlife Resources Commission in their official capacities and Harold Hurst, Gary Cook, Paul Brown, Ronnie Capps, and Robert Baker individually.

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on _1-5-00_

67

property without just compensation, leaving Plaintiffs' claim that their First Amendment right to freedom of speech was violated as the only remaining claim. See Order 10/21/99. Defendants have now filed a motion for summary judgment on Plaintiffs' First Amendment claim. Plaintiffs have responded to the motion, and Defendants have filed a reply to the response.

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. To prevail on a motion for summary judgment, the moving party has the burden of showing the "absence of a genuine issue of material fact as to an essential element of the nonmovant's case." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The moving party may support the motion with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The opposing party may not rest upon the pleadings but, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

"If the defendant . . . moves for summary judgment . . . based on the lack of proof of a material fact, . . . [t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter, however. Anderson, 477 U.S. at 249. Rather, "[t]he inquiry on a summary

judgment motion . . . is . . . 'whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law.'" Street, 886 F.2d at 1479 (quoting Anderson, 477 U.S. at 251-52). Doubts as to the existence of a genuine issue for trial are resolved against the moving party. Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970).

In their complaint, Plaintiffs allege that they assumed ownership of three abandoned duck blinds located on Reelfoot Lake in Lake County, Tennessee. Complaint at para. 6. Plaintiffs used the blinds as part of their guide business. Id. In November 1997, Defendants removed the duck blinds from Reelfoot Lake on the ground that none of the sites were registered permanent blind sites and, therefore, were not permitted under TWRC regulations. Id. at para. 9 and 10. According to the complaint, Defendants' actions were taken in retaliation for Plaintiff Gray Arnett's "outspoken criticism of the management of Reelfoot Lake and his well-known advocacy of riparian rights with respect to Reelfoot Lake." Id. at para. 11. Plaintiffs contend that Defendants' actions violated their right to free speech as protected by the First Amendment to the United States Constitution.

To establish a retaliation claim under § 1983, a plaintiff must show that 1) he engaged in protected conduct; 2) an adverse action was taken against him that caused an injury that would deter a "person of ordinary firmness" from continuing to engage in that conduct; and 3) the adverse action was motivated at least in part by the protected conduct. See Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999); Bloch v. Ribar, 156 F.3d 673, 678 (6th Cir.

1998).

In the present case, Plaintiffs allege that the "protected conduct" was Plaintiff Gary Arnett's criticism of the management of Reelfoot Lake. The First Amendment right to criticize public officials is well-established. Barrett v. Harrington, 130 F.3d 246, 264 (6th Cir.1997). Therefore, Plaintiffs have established this element of their retaliation claim.[2]

Defendants argue that Plaintiffs cannot show that they were injured by Defendants' removal of the duck blinds and, thus, cannot show the second element necessary to prove their claim. Injury based on embarrassment, humiliation, and emotional distress is sufficient to be actionable under § 1983. See Bloch, 156 F.3d at 679-80. Here, however, Plaintiffs have also alleged concrete injuries, such as loss of income from their guide business and the loss of personal use of the duck blinds. The fact that the court ruled that Plaintiffs had not shown that their alleged loss of income rose to the level of irreparable harm to justify issuing a preliminary injunction, see Order 11/10/98, is not determinative of the present issue.

As previously noted by the court,

> A plaintiff's harm is irreparable if monetary damages cannot be calculated with a reasonable degree of certainty or will not adequately compensate the injured party. Basicomputer Corp. v. Scott, 973 F.2d 507, 511 (6th Cir. 1992). Further, "the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury." Sampson v. Murray, 415 U.S. 61, 90 (1974). See also Amoco Prod. Co. v. Village of Gambell, Alaska, 480 U.S. 531(1987) ("In brief, the bases for injunctive relief are irreparable injury and inadequacy of legal remedies.").

---

[2] Defendants have not disputed that Plaintiff Gary Arnett's remarks about the management of Reelfoot Lake were protected by the First Amendment.

Id. Although Plaintiffs did not show that they would be <u>irreparably</u> harmed if a preliminary injunction was not granted, evidence was presented that Plaintiffs had been harmed by Defendants' actions. At the hearing on the motion for preliminary injunction, Plaintiff Shelly Arnett testified that they would lose from $4000 to $6500 per hunting season without the duck blinds. TR, S. Arnett at 48. Furthermore, the infringement on a plaintiff's First Amendment rights is an injury, in and of itself. See Newsom v. Norris, 888 F.2d 371 (6th Cir. 1989). Therefore, Defendants have not refuted Plaintiffs' allegations that they were injured by the removal of the duck blinds.

Plaintiffs' claim fails, however, because they cannot show a causal connection between Plaintiff Gary Arnett's criticism of Reelfoot Lake's management and the removal of their duck blinds. It is undisputed that Plaintiff's criticism was not made known to Defendants until August 1996 when Plaintiff met with Defendants Myers and Hurst. See Supplemental Affidavit of G. Arnett, para. 3. It is also undisputed that Plaintiffs were warned in November 1995 that the blind site in the Cranetown area was not registered and that the blind needed to be removed. See TR, G. Arnett at 31-32; TR, R. Capps at 8-9. Therefore, even though the blinds were not removed until November 1997, the decision to require the removal of the blinds predated Plaintiff Gary Arnett's criticism of Defendants.

To show a causal connection, a plaintiff must produce evidence from which an inference can be drawn that his protected activity was the likely reason for the adverse action. Cooper v. City of North Olmsted, 795 F.2d 1265, 1272 (6th Cir.1986). Although proximity

in time between a protected activity and an adverse action may give rise to an inference of a causal connection, see Moon v. Transport Drivers, Inc., 836 F.2d 226, 229 (6th Cir. 1987), a plaintiff may not predicate a retaliation claim on acts that predate the protected activity. Bernheim v. Litt, 79 F.3d 318, 325 (2nd Cir. 1996). Accord Burciaga v. West, 996 F. Supp. 628 (W.D. Tex.), *aff'd*, 162 F.3d 394 (1998).

Because Defendants have refuted Plaintiffs' allegation that there was a causal connection between the protected conduct and the adverse action, Defendants are entitled to judgment as a matter of law, and Defendants' motion for summary judgment on Plaintiffs' First Amendment claim is GRANTED. The clerk is directed to enter judgment in accordance with this order and the order entered on October 21, 1999, which partially granted Defendants' motion for summary judgment.

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

\_\_1-4-2000_____
DATE